IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Doe, | Case No.: 4:18-cv-00268-SAL |
| Plaintiff, | |
| v. | |
| Coastal Carolina University, | **JURY INSTRUCTIONS** |
| Defendant. | |

**Instruction No. 1**

### DUTIES OF JURY TO FIND FACTS & FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case.

These instructions will be in three parts:  first, the instructions on general rules that define and control the jury's duties; second, some rules for your deliberations; and third, the instructions that state the rules of law you must apply, i.e., what the Plaintiff must prove to make the case.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.  In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely for you to decide.

1

**Instruction No. 2**

**BURDEN OF PROOF**

At the beginning of the case, I told you that the Plaintiff has the burden of proving the case by a preponderance of the evidence.  That means that the Plaintiff has to produce evidence which, considered in light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not.  To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip slightly on his side.  If the Plaintiff fails to meet this burden, the verdict must be for the Defendant.  Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.  That is a stricter standard, i.e., it requires more proof than a preponderance of evidence.  The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

**Instruction No. 3**

**EVIDENCE**

The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed to stipulate.

**Instruction No. 4**

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you. (1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls. (2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it. (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given. (4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Instruction No. 5**

## NOTETAKING

During this trial, you were permitted to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes but should rely upon your recollection of the evidence. You should only use notes to aid your own individual memory and should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes to deciding this case.

**Instruction No. 6**

### DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. It is for you to decide whether a fact has been proved by circumstantial evidence.  In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

**Instruction No. 7**

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.

In making that decision, you may take into account a number of factors including the following:

(1) Was the witness able to see, or hear, or know the things about which that witness testified?

(2) How well was the witness able to recall and describe those things?

(3) What was the witness's manner while testifying?

(4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party, or any matter involved in the case?

(5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.  These are some of the factors you may consider in deciding whether to believe testimony. The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.  All of these are matters for you to consider in finding the facts.

**Instruction No. 8**

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons described as experts.  Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.  Expert opinion testimony should be judged just as any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 9**

## GENERAL DENIAL

The Defendant has offered a defense of general denial.  By this, the Defendant simply says that it denies the material allegations of the complaint.  The Defendant denies that its decisions related to Plaintiff were based on gender.  The general denial places the burden of proof upon the Plaintiff to come forward with evidence to prove these material allegations.

**Instruction No. 10**

## DUTY TO DELIBERATE

When you retire to the jury room, you should first elect one from among you to serve as your foreperson.  The foreperson you select will preside over the deliberations and speak for the jury here in court.  When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges— judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**Instruction No. 11**

### CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.  The arguments and statements of the attorneys are not evidence.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

**Instruction No. 12**

## RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

**Instruction No. 13**

## COMMUNICATING WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Instruction No. 14**

## TITLE IX

Plaintiff bases his lawsuit on Title IX of the Education Amendments of 1972.  Title IX prohibits colleges and universities from denying students access to educational benefits and opportunities on the basis of the student's gender.  For the Plaintiff to prevail against Coastal Carolina University under Title IX, he must demonstrate that Coastal Carolina University engaged in intentional gender discrimination against him.  This means gender was either the sole reason or a motivating factor for the disciplinary actions Coastal Carolina University took against him.

**Instruction No. 15**

## HARASSMENT NOT GROUNDS FOR LIABILITY

In this trial, the Plaintiff testified that a University official acted inappropriately towards him. Any alleged harassment is not grounds for liability in this case. For the Plaintiff to prevail against Coastal Carolina University under Title IX, he must demonstrate that Coastal Carolina University engaged in intentional gender discrimination in its disciplinary actions.

**Instruction No. 16**

## STATISTICAL EVIDENCE

Males are more often accused of sexual assault than females.  Educational institutions cannot control the gender of the accused and the accuser.  Plaintiff cannot show the University engaged in gender discrimination based on statistics alone.  For statistical evidence to create an inference of discrimination, the statistics must show a significant disparity and eliminate nondiscriminatory explanations for the disparity.

**Instruction No. 17**

## TITLE IX – PROHIBITION AGAINST SECOND-GUESSING

When determining whether an educational institution committed a Title IX violation, judges and juries should refrain from second-guessing the disciplinary decisions made by school administrators.  Title IX does not require federal courts to second-guess debatable administrative decisions.  That is because administrative decisions are generally best made by the educational institution, and not a federal court.  Neither this Court, nor the jury, is to decide whether the University's disciplinary decisions were right or wrong.

**Instruction No. 18**

## TRANSITION TO DAMAGES

If you should find in accordance with these instructions that the Plaintiff has failed to establish the essential elements of any of their causes of action by a preponderance of the evidence, then your verdict should be for the Defendant.  If, on the other hand, you find that the Plaintiff established the essential elements of his cause of action by a preponderance of the evidence your verdict should be for the Plaintiff and you should next consider the question of damages.

**Instruction No. 19**

## ACTUAL DAMAGES — GENERALLY

Actual damages are awarded to a litigant in compensation for his actual loss or injury. The existence, causation, or amount of damages cannot be left to conjecture, guesswork or speculation. Damages must be proved with a reasonable degree of certainty. The evidence presented by the Plaintiff must enable you, the jury, to determine what amount is fair, just and reasonable.  The Plaintiff bears the burden of proving by the preponderance of the evidence that he is entitled to damages.

**Instruction No. 20**

## COMPENSATORY DAMAGES

In considering the issue of the Plaintiff's damages and losses, the law provides that you shall assess the amount that you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the individual Plaintiffs' damages, no more and no less. This is what the law refers to as actual and compensatory damages. I instruct you that compensatory damages are not restricted to the actual loss of money or the actual loss of time. These damages include both mental and physical aspects of this injury, tangible and intangible, financial and otherwise. By reimbursing or compensating the individual Plaintiffs for what they have lost, in all aspects, you are to attempt to restore the individual Plaintiffs – that means to make them whole, or as they were immediately prior to their injuries.

Elements of Damage:

You should consider the following elements of damage, to the extent that you find they are proved by a preponderance of the evidence. You should place a value on each element of damage, in accord with the evidence presented, and all these amounts together determine the amount of your verdict. I instruct you that you shall evaluate each element of damage individually. The following are the various elements of damage which you may consider:

(1) Expenses: these shall include expenses incurred to date, and any which will be incurred in the future;

(2) Value of bodily injury and permanent impairment: the Plaintiff is entitled to the reasonable value of any bodily injuries sustained;

(3) The reasonable value of the Plaintiff's pain, suffering, mental anguish, inconvenience, discomfort, and loss of capacity for the enjoyment of life.

**Instruction No. 21**

## DAMAGES — EMOTIONAL DISTRESS

A plaintiff seeking damages for emotional distress must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award of compensatory damages.

A Plaintiff seeking damages based upon emotional distress must reasonably and sufficiently explain the circumstances of his injury and not resort to mere conclusory statements. General statements that one feels upset, embarrassed, or disrespected are conclusory. The injury must be demonstrable, and the plaintiff must show a causal connection between the violation and his emotional distress. Moreover, the connection must be between the distress and the violation itself, not the benefit denied.

When analyzing a claim for emotional distress premised on a constitutional violation a jury should consider: (1) the impact on the plaintiff's esteem with peers; (2) the existence of physical injury; (3) the degree of emotional distress; (4) the context of the events surrounding the emotional distress; (5) the evidence tending to corroborate the plaintiff's testimony; (6) the nexus between the challenged conduct and the emotional distress; and (7) any mitigating circumstances. The jury may also consider medical attention and psychological or psychiatric treatment, if any, that the plaintiff received because of the emotional distress.

**Instruction No. 22**

### DAMAGES – DUTY TO MITIGATE DAMAGES

A party who has suffered injury or damage from the actionable conduct of another is under a duty to make all reasonable efforts to minimize the damages incurred. To the extent that he reasonably could have so minimized those damages and failed to do so, he is not entitled to recover from the other party. In other words, one cannot recover any damages that might have been avoided by the use of reasonable care and diligence. A plaintiff's failure to mitigate damages allows the defendant to avoid only those damages that reasonably could have been avoided by the plaintiff.

An injured party is required to do that which an ordinary, prudent person would do under similar circumstances to mitigate his damages. The efforts required of the injured party must be determined by the rules of common sense and fair dealing, and they include a reasonable expenditure of money. However, the injured party is not required to unreasonably exert himself or incur substantial expense in an effort to mitigate damages.

The party who claims damages should have been minimized has the burden of proving they could have been avoided or reduced.

**Instruction No. 23**

## NOMINAL DAMAGES

I have just instructed you regarding compensatory damages. However, you may not award compensatory damages simply for the violation of a constitutional right. In other words, your award, if any, must be based on actual injuries sustained and not on some abstract value or importance of the particular right at issue. If you find, however, that the Plaintiff is entitled to a verdict because he has proved all the elements of his claim, but do not find that the Plaintiff has proved compensatory damages, you should return a verdict for the Plaintiff in some nominal sum such as one dollar ($1.00). The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. You may not award the Plaintiff both compensatory and nominal damages. Nominal damages may be awarded only if you find that the Plaintiff has not proved that he is entitled to compensatory damages but has been harmed in some way.

**Instruction No. 24**

## DAMAGES — CAUTIONARY INSTRUCTION

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the Plaintiff on the question of liability, by a preponderance of evidence and in accord with the other instructions.